UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND B. TAYLOR, #224931,

        Plaintiff,

                              CASE NO. 05-CV-74712
v.                              HONORABLE GEORGE CARAM STEEH

DAVID J. WEAVER,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.      Introduction

Before the Court is Plaintiff Richmond B. Taylor's *pro se* civil rights complaint, seemingly filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is a state prisoner currently confined at the Huron Valley Men's Complex in Ypsilanti, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that defendant or his subordinates have engaged in identify theft, forged court documents, engaged in espionage, and committed other improprieties. Plaintiff seeks injunctive relief and monetary damages. Having reviewed the complaint, the Court dismisses it as frivolous and on the basis of immunity.

II.     Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.  To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal for several reasons.

First, Plaintiff names as a defendant David J. Weaver, the Clerk of the Court.  It is well-established, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 or *Bivens*.  *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of

*respondeat superior*); *Taylor v. Michigan Dep't. of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with respect to Mr. Weaver.  He fails to allege facts indicating that Mr. Weaver had any personal or direct involvement in the handling of Plaintiff's cases or other matters.  The mere fact that Mr. Weaver is the Clerk of the Court with supervisory powers over certain court personnel and functions is insufficient to state a claim for relief.

     Second, Plaintiff's allegations concerning identity theft, forgery, and espionage are irrational and baseless.  Courts have dismissed complaints alleging similarly unbelievable scenarios.  *See, e.g., Taylor v. Rockford Police Dept.*, 165 F.3d 33, 1998 WL 783957 at *1 (7th Cir. 1998) (unpublished) (affirming dismissal of complaint as frivolous where plaintiff alleged that police attempted to kill him, that there was a multi-agency conspiracy to cover up the assaults, that the attorney general's office faked a trial, and that he was issued a fraudulent marriage license); *Kabbe v. City of San Diego*, 139 F.3d 905, 1998 WL 80375 at *1 (9th Cir. 1998) (unpublished) (affirming dismissal of complaint in which plaintiff alleged that defendants conspired to violate her civil rights by intercepting and broadcasting her thoughts); *Sandles v. Randa*, 945 F. Supp. 169, 171 (E.D. Wis. 1996) (dismissing complaint as frivolous under § 1915A(b) where plaintiff alleged that defendants fabricated a federal statute in order to imprison him).  Plaintiff's allegations of identity theft, forgery, espionage, and unconstitutional conduct are vague and conclusory and need not be accepted as true.  *See, e.g., Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  The record reveals that Petitioner's prior civil rights actions and related pleadings have been filed and resolved by the Court or are currently under

consideration. Plaintiff's complaint is based upon an irrational set of facts, is conclusory, and must be dismissed.

Lastly, Plaintiff's claim for monetary damages is subject to dismissal on the basis of immunity. A judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Judicial employees are similarly immune from suit on claims for monetary damages for their performance of court functions as judicial designees. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator executing court order entitled to absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit). Any allegations against Mr. Weaver relative to his handling of Plaintiff's court cases involve the performance of judicial and quasi-judicial duties. Mr. Weaver is absolutely immune from suit for monetary damages as to such conduct. *See, e.g., Wojnicz v. Davis*, 80 Fed. Appx. 382, 383-84 (6th Cir. 2003) (Michigan court officials immune from damages on claims arising from duties processing state habeas petition); *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) (Battani, J.). Accordingly, Plaintiff's claim for monetary damages must be dismissed based upon immunity.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint is frivolous and that the defendant is absolutely immune from suit on a claim for monetary damages. Accordingly, the Court **DISMISSES** Plaintiff's complaint with prejudice.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: March 21, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 21, 2006, by electronic and/or ordinary mail.

                                          S/Josephine Chaffee
                                          Secretary/Deputy Clerk